UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:26-cv-00383

**Marlondos C. Fields, Sr.,**
*Plaintiff,*
v.
**Tyler Independent School District,**
*Defendant.*

# ORDER

Plaintiff, a "disabled veteran with service-connected disabilities" proceeding pro se and in forma pauperis, filed this action against the Tyler Independent School District for alleged violations of the Americans with Disabilities Act (ADA). Doc. 7. The court designated a magistrate judge to the full extent authorized by 28 U.S.C. § 636(b)(1) to handle the case. The magistrate judge issued a report recommending that the court dismiss the amended complaint without prejudice because plaintiff failed to exhaust his administrative remedies and obtain a right to sue letter from the Equal Employment Opportunity Commission (EEOC). Doc. 8 at 6. The report further recommended that the court toll the statutory period for filing a charge with the EEOC. *Id.* at 8. Plaintiff objected. Doc. 9

The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, the "objections must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. Unit B 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Furthermore, a party's entitlement to de novo review does not entitle it to raise arguments that were not presented to the

magistrate judge without a compelling reason. *See Cupit v. Whitley*, 28 F.3d 532, 535 & n.5 (5th Cir. 1994).

When there have been no timely objections to a report, or the objections are improper, "the court need only satisfy itself that there is no clear error on the face of the record." Fed. R. Civ. P. 72(b), advisory committee's notes to 1983 amendment.

Plaintiff objects to the report's recommendation that the case be dismissed without prejudice for failure to exhaust his administrative remedies. Doc. 9 at 1. Plaintiff requests that the court instead stay the case "for a reasonable period while Plaintiff promptly files his EEOC charge and completes the required administrative process." *Id.* Alternatively, plaintiff requests that, if dismissal is necessary, "the Court adopt and expressly preserve the Magistrate Judge's equitable tolling findings and dismiss this action without prejudice, consistent with the Report and Recommendation." *Id.* at 1–2. Thus, neither party objected to the magistrate judge's recommendation to toll the statutory period for filing a charge with the EEOC.

Under the ADA, receipt of the notice of the right to sue is a condition precedent to bringing suit. *Neal v. IAM Local Lodge 2386*, 722 F.2d 247, 249–50 (5th Cir. 1984), *overruled on other grounds by Baldwin County Welcome Ctr. v. Brown,* 466 U.S. 147, 149-50 (1984). This condition must be satisfied at the time of filing of the complaint. *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788 (5th Cir. 1996). Because it was not satisfied in this case, dismissal without prejudice is proper. Plaintiff's objection is overruled.

Having reviewed the remainder of the record and being satisfied that there is no clear error, the court accepts the report's findings and recommendations. This case is dismissed without prejudice, and plaintiff shall have 10 days from the issuance of this order to file his charge with the EEOC. Any pending motions are denied as moot.

*So ordered by the court on September 28, 2026.*

J. CAMPBELL BARKER
United States District Judge